Wells v. Turner.

WILLIAM J. WELLS AND L. G. CUMMINS, PLAINTIFFS IN ERROR, V. GIB TURNER AND AUGUSTUS SMITH, DEFENDANTS IN ERROR.

1. Justice of Peace: BILL OF PARTICULARS. Where a promissory note was left with a justice of the peace who copied the same into his docket and issued summons thereon, *Held*, A sufficient bill of particulars.

2. ———: JUDGMENTS. A justice of the peace having in his possession the evidence of indebtedness upon which the action is brought may render judgment on such evidence of indebtedness in the absence of any of the parties.

3. ——: ——: ERROR WITHOUT PREJUDICE. A justice must
wait one hour after the time set for trial before rendering judg-
ment against a defendant by default; but if he render judgment
before the expiration of the hour, and the defendant does not
thereafter appear, and it is apparent that there is no defense to
the action, it is error without prejudice.

4. Summons: SERVICE.. Where two defendants were served
with summons separately, *Held*, That the words "with all the en-
dorsements thereon," although appearing but once in the return
of the officer, applied to both copies of the summons.

ERROR to the district court of York County. Tried
below before GEO. W. POST, J.

*Sedgwick & Power*, for plaintiffs in error.

*Hale & Conner*, for defendants in error.

MAXWELL, J.

This action was commenced before a justice of the peace
upon a promissory note. The justice copied the note into
his docket as a bill of particulars and issued summons
thereon, returnable April 22, 1881, at 10 o'clock A.M. The
summons was served on the defendants in the justice court
(plaintiffs in error). At the time set for the trial none of
the parties plaintiff or defendant appeared, but the justice
having the note in his possession and no defense being
made to the same, he proceeded to render judgment thereon.

In this it is claimed there is error. A justice having in
his possession the evidence of indebtedness upon which
suit is brought may, after waiting one hour after the time
set for the hearing of a cause, proceed with the trial in the
absence of the plaintiff. The statute provides that the
justice shall wait one hour after the time set for the trial
before proceeding therewith. And this should be done in all
cases in order that defendants may have an opportunity to
make their defense. But if there is no defense to an action,
the fact that judgment was rendered before the expiration

of the hour will be error without prejudice. If the defendants below had appeared within one hour after the time stated in the summons and asked to make their defense, and the justice had refused to permit them to do so, the judgment would have been erroneous. But as there was no such request and apparently no defense they were not prejudiced.

Some objection was made to the service of the summons.

The return is as follows :

" STATE OF NEBRASKA,   } ss.
    " YORK COUNTY,      }

" Received this summons on the 14th day of April, 1881, and I hereby certify that on the 16th day of April, 1881, I served the within writ of summons on the within named L. G. Cummins by leaving a copy thereof at his usual place of residence. W. J. Wells, delivering to him a true and certified copy of same with all endorsements thereon.

"J. P. MILLER, Sheriff.

"By W. W. SHUFELT, Deputy."

The words "with all the endorsements thereon," were evidently intended to apply to the copy of each defendant. There is no claim that the copy served upon Cummins was not properly endorsed. But even if this return was defective, it would not avail the plaintiffs in error, because an amended return was afterwards made which fully meets their objections. It·is clear that justice has been done and the judgment is affirmed.

JUDGMENT AFFIRMED.