PHŒNIX INSURANCE CO., PLAINTIFF IN ERROR, V. JOHN
LEMKE, DEFENDANT IN ERROR.

1.  **Justice of Peace :** ACTION ON NOTE.  Where an action is
    brought on a promissory note before a justice of the peace, and
    the note is copied by him into his docket and a summons issued
    thereon, it is a sufficient bill of particulars.

2.  ———: JUDGMENT.  Where the justice has in his possession the
    instrument on which the action is brought, and there is no affi-
    davit of the defendant made and filed with him denying its ex-
    ecution, nor any defense made to the action, the justice may ren-
    der judgment on such instrument, although the plaintiff fail to
    appear.

ERROR to the district court for Lancaster county.   Tried
below before MITCHELL, J.

*Marquett, Deweese & Hall,* for plaintiff in error, cited :
*Wells v. Turner,* 14 Neb., 445.

*J. E. Philpott,* for defendant in error, cited : Civil Code,
§§ 951, 952.   *McCormick v. Thompson,* 10 Neb., 491.

MAXWELL, J.

This action was brought before a justice of the peace upon
a promissory note, of which the following is a copy :
"$20.00.

" On the first day of April, 1884, for value received, I
promise to pay to the Phœnix Insurance Company of
Brooklyn, N. Y. (at their office in Chicago, Ill.), or order,
twenty dollars, in payment of premium on policy No. 095,-
866 of said company.   If this note is not paid at maturity
said policy shall then cease and determine, and be null and
void, and so remain until the same shall be fully paid and
received by said company.   In case of loss under said pol-
icy this note shall immediately become due and payable,

and shall be deducted from the amount of said loss.    It is understood and agreed that this note is not negotiable.

"Dated at my farm this 3d day of April, 1883.

"JOHN LEMKE.

"Witness, J. A. CARPENTER."

The note was filed with the justice as a bill of particulars.    A summons was issued, which was returnable on the 6th day of October, 1883.    On the return day the defendant below appeared by attorney and obtained a continuance until the 11th of October, 1883, at 2 o'clock P.M.    At 2 o'clock P.M., October 11th, 1883, the attorney for Lemke appeared and moved to dismiss the action, for the following reasons:

1st.    Because the plaintiffs had filed no bill of particulars of their demand.

2d.    Because the said plaintiffs had not filed a bill of particulars against the defendant.

3d.    Because the said plaintiffs did not appear at 2 o'clock P.M.

The motion was overruled, and the defendant refusing to appear further, judgment was rendered in favor of the plaintiff for the sum of $20 and interest and costs.    The defendant took the case on error to the district court, where the judgment of the justice was reversed and the cause retained for trial.

The question here involved was before this court in *Wells v. Turner*, 14 Neb., 445, in which it was held that where a promissory note was left with a justice of the peace, who copied the same into his docket and issued summons thereon, it was a sufficient bill of particulars.    It was also held that a justice having in his possession the evidence of indebtedness upon which the action is brought may render judgment on such evidence in the absence of any of the parties. This, we think, is a correct statement of the law.    The statute requires a defendant when sued on an instrument purporting to have been made by him, but who controverts

the making of the same, to "make and file an affidavit with the justice of the peace before whom the suit is pending, * * * that such instrument was not made, given, subscribed, accepted, or indorsed by him." Code, § 1100$a$. If no affidavit is filed in cases where there was personal service, the presumption is that the instrument is genuine, and proof of its execution is unnecessary. In this case no affidavit denying the execution of the note was filed, nor was any defense made to the same. Technical objections are not favored, and will not be sustained unless the matter complained of was prejudicial. But in this case there was no error in the judgment of the justice. The judgment of the district court is reversed and that of the justice re-instated and affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.